IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REGINALD JOHNSON,                  :
        Plaintiff,         :
    v.                             :  Case No. 3:04-cv-226-KRG-KAP
SECRETARY JEFFREY BEARD, et al.,:
        Defendants         :

REGINALD JOHNSON,                  :
        Plaintiff,         :
    v.                             :  Case No. 3:06-cv-176-KRG-KAP
SECRETARY JEFFREY BEARD, et al.,:
        Defendants         :

REGINALD JOHNSON,                  :
        Plaintiff,         :
    v.                             :  Case No. 3:06-cv-268-KRG-KAP
SECRETARY JEFFREY BEARD, et al.,:
        Defendants         :

MEMORANDUM ORDER

These matters have been referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636(b)(1), and subsections 3 and 4 of Local Rule 72.1 for Magistrate Judges.

On January 10, 2007, the Magistrate Judge filed a Report and Recommendation, docket no. 17 in Case No. 3:04-cv-226-KRG-KAP, docket no. 5 in Case No. 3:06-cv-176-KRG-KAP, and docket no. 3 in Case No. 3:06-cv-268-KRG-KAP, recommending that the defendants' motion to dismiss Case No. 3:04-cv-226-KRG-KAP, docket no. 14, be granted, and that the complaints in the other two cases be dismissed for failure to state a claim.

The parties were notified that pursuant to 28 U.S.C.§ 636(b)(1), they had ten days to serve and file written objections to the Report and Recommendation. Plaintiff filed what could be

considered objections, stating that he was filing an appeal in the Court of Appeals. Plaintiff did not explain why he is not subject to the PLRA's requirement of exhaustion of administrative remedies, or why being deprived of access to the law library on one occasion constituted a denial of access to court. As to the two complaints filed in 2006, moreover, a check of the Clerk's records shows that plaintiff is also subject to the PLRA's "three strikes" rule, 28 U.S.C.§ 1915(g), because plaintiff has filed at least three actions dismissed for failure to state a claim in this court alone, see e.g. Johnson v. Commonwealth, Case No. 3:02-cv-284-DWA-KAP, Johnson v. Pennsylvania Department of Corrections, Case No. 3:04-cv-06-KRG-KAP, Johnson v. Beard, Case No. 3:05-cv-328-KRG-KAP, Johnson v. Beard, Case No. 3:05-cv-468-KRG-KAP, and Johnson v. Beard, Case No. 3:06-cv-109-KRG-KAP and does not state a colorable claim that he is in imminent danger of serious physical injury or was in such danger as of the time that the complaint was filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir.)(en banc), cert. denied, 533 U.S. 953 (2001). Even if plaintiff's complaints did state claims, they would be dismissed unless plaintiff first paid the full filing fee.

After de novo review of the record of this matter together with the Report and Recommendation, the following order is entered:

AND NOW, this 26th day of January, 2007, it is

ORDERED that defendants' motion to dismiss Case No. 3:04-cv-226-KRG-KAP, docket no. 14, is granted, and plaintiff's complaint is dismissed, without prejudice to filing a complaint containing the secondhand smoke claim after plaintiff exhausts his administrative remedies. The complaints at Case No. 3:06-cv-176-KRG-KAP and Case No. 3:06-cv-268-KRG-KAP are dismissed for failure to state a claim for the reasons set forth in the Report and Recommendation, which is adopted as the Opinion of the Court. The Clerk shall mark all three matters closed.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice by ECF to counsel of record and by U.S. Mail to:

Reginald Johnson EV-8591
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510